JOHNATHANIO CONLEY

VERSUS

TERRANCE KINCHEN, 2322 WEST
EXPRESSWAY, L.L.C. AND BRIAN
TRASCHER

NO. 25-CA-64

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 803-068, DIVISION "H"
HONORABLE DONALD L. FORET, JUDGE PRESIDING

September 24, 2025

**TIMOTHY S. MARCEL**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
John J. Molaison, Jr., and Timothy S. Marcel

<u>**AFFIRMED**</u>
**TSM**
**JGG**
**JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
JOHNATHANIO CONLEY
    Neal J. Favret

COUNSEL FOR DEFENDANT/APPELLANT,
BRIAN TRASCHER AND 2322 WEST EXPRESSWAY LLC
    Robert J. Ellis, Jr.

**MARCEL, J.**

In this case arising from disputed ownership of an immovable property and a limited liability corporation, defendants Brian Scott Trascher and 2322 West Expressway, LLC appeal an April 12, 2024 judgment declaring Johnathanio Conley a member of 2322 West Expressway, LLC and a co-owner of the immovable property at 2322 Westbank Expressway, Harvey, Louisiana 70058. For the following reasons, we affirm the judgment of the trial court.

BACKGROUND

The immovable property at 2322 Westbank Expressway was purchased on December 5, 2013 by 2322 West Expressway, LLC through its member-manager, Terrance Kinchen. The Articles of Organization show that Mr. Kinchen formed 2322 West Expressway as the sole member-manager on October 4, 2013. Additional records indicate that Mr. Trascher was added as a "manager" to 2322 West Expressway on or about January 6, 2014. On February 14, 2014, Mr. Trascher executed a mortgage on the property at 2322 Westbank Expressway with Gulf Coast Bank and Trust Company. In May of 2016, 2322 West Expressway, LLC entered into a billboard servitude agreement with Pelican Outdoor Advertising, Inc. and Gulf Coast Bank and Trust. Included as part of that agreement was a "Written Consent of the Sole Member of 2322 West Expressway, LLC" executed by Mr. Kinchen in his capacity as sole member of the LLC and which listed Mr. Trascher as a manager of the company.

Mr. Conley and Mr. Kinchen entered into a partnership agreement on March 23, 2014 whereby Mr. Conley paid $30,000.00 to Mr. Kinchen in exchange for 30% of the net profits of a business to be located at 2322 Westbank Expressway, "A New Jerusalem Car Wash". That agreement also states, "Mr. Conley is not just

an investor but is also an owner of the business. If the property is sold within 20 years of contract, Mr. Conley will be entitled to 30% of net profit of the sale."[1]

A few years later, on June 27, 2017, Mr. Conley and Mr. Kinchen entered into an "Amended Ownership Agreement" whereby Mr. Kinchen agreed to transfer 30% interest of his interest in the West Expressway, LLC, as well as 30% ownership in the immovable property to Mr. Conley, in exchange for another $30,000 payment. An "Act of Transfer" dated June 27, 2017 reflects the transfer of a 30% ownership interest in the property at 2322 Westbank Expressway to Mr. Conley.

In January of 2020, Mr. Conley filed a lawsuit against Mr. Kinchen, Mr. Trascher, and Westbank Expressway, LLC seeking a judicial partition of the property. In July of 2021, Mr. Kinchen died; he is represented in the suit by the executrix of his estate. Mr. Kinchen's estate filed an answer to the petition denying the allegations made in Mr. Conley's petition, averring that Mr. Conley never completed the downpayments, and asserting a cross claim against Mr. Trascher for executing a mortgage on the property while Mr. Kinchen was the sole member-owner of the LLC.

In December of 2023, Mr. Trascher and West Expressway, LLC filed a Petition for Nullity of Sale, Declaratory Judgment and Setting of Bond to Release Lis Pendens.[2] Mr. Trascher argued that, because Mr. Kinchen transferred ownership in the LLC to him prior to the February 2014 mortgage, all of the subsequent agreements between Mr. Conley and Mr. Kinchen are invalid. In his petition, Mr. Trascher sought to be declared sole owner of the property and the LLC.

---

[1] Mr. Conley claims he was unaware of Mr. Trascher's involvement and/or the mortgage on the property at this time.

[2] In their prayer for relief, Mr. Trascher and West Expressway, LLC prayed alternatively for the court to set a bond necessary to cancel a Notice of Lis Pendens filed by Mr. Conley.

Following a hearing on the merits in March of 2024, the trial judge found in favor of Mr. Conley and against Mr. Trascher. Particularly, the judge found that there was never a valid transfer of the interest between Mr. Kinchen and Mr. Trascher, and therefore the subsequent transfers between Mr. Conley and Mr. Kinchen were valid. Mr. Trascher filed a motion for a new trial following this judgment, but it was untimely.

On appeal, Mr. Trascher raises multiple assignments of error, but in particular argues that the judgment exceeds the scope of the relief prayed for in his declaratory judgment and the judge manifestly erred in his findings of fact concerning the transfers of ownership interests. We consider these errors in our discussion below.

## DISCUSSION

*Scope of the Declaratory Judgment*

We address first whether the judgment of the trial court exceeded the scope of the relief requested in the Petition for Nullity of Sale filed by Mr. Trascher. A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. La. C.C.P. art. 1841. Final judgments shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief. La. C.C.P. art. 862. As long as the facts constituting a claim are alleged, the party may be granted any relief to which he is entitled under the pleadings and the evidence. *Gereighty v. Domingue*, 17-339, p. 21 (La. App. 5 Cir. 5/30/18), 249 So.3d 1016, 1032. Courts of record within their respective jurisdictions may declare rights, status, and other legal relations whether or not further relief is or could be claimed. La. C.C.P. art. 1871.

On appeal, defendants argue that the trial court's judgment exceeded the scope of the relief requested in their petition for declaratory judgment to recognize "that Mr. Trascher is the sole acting member of [2322 West Expressway, LLC], that Mr. Terrance Kinchen lacked the authority to enter into any agreements with Mr. Johnathanio Conley on behalf of the entity and nullifying the alleged sale." Defendants also prayed "that the court issue … a declaratory judgment declaring that the Act of Transfer between Johnathanio Conley and 2322 West Expressway, LLC, entered into by Terrance Kinchen, is legally invalid and not enforceable as a matter of law, and that Mr. Conley is not a member [of] 2322 West Expressway, LLC."

The April 12, 2024 judgment on this petition states:

IT IS ORDERED that the rights of the parties are declared to be as follows:

1. There was no valid transfer of membership interest of 2322 West Expressway LLC from Terrance Kinchen to Brian Scott Trascher at any time following the formation of 2322 West Expressway LLC, and, as such, Brian Scott Trascher is not and has never been a member of 2322 West Expressway LLC;

2. The March 23, 2014 sale of thirty percent (30%) of the membership interest of 2322 West Expressway LLC between Terrance Kinchen and Johnathanio Conley was a valid sale in all respects;

3. From March 23, 2014 onward, Johnathanio Conley was, and remains, a member of 2322 West Expressway LLC, owning thirty percent (30%) of the membership interest of 2322 West Expressway LLC;

4. The June 27, 2017 Act of Transfer purporting to transfer from 2322 West Expressway LLC to Johnathanio Conley ownership of thirty percent (30%) of the immovable property bearing municipal address 2322 Westbank Expressway, Harvey, Louisiana 70058 was a valid act;

5. As a result of the validity of the June 27, 2017 Act of Transfer, Johnathanio Conley is, and has been since June 27, 2017, a co-owner with 2322 West Expressway LLC of the immovable property bearing municipal address 2322 Westbank Expressway, Harvey, Louisiana 70058; and

6. Johnathanio Conley is entitled to sixty percent (60%) of the net proceeds of any sale of the immovable property bearing municipal address 2322 Westbank Expressway, Harvey, Louisiana 70058.

Upon review of the pleadings and the judgment, we find defendants' argument to be without merit. Ownership of the immovable property at 2322 Westbank Expressway, membership in 2322 West Expressway, LLC and the validity of the transfers of the ownership interests have been issues contested in this case since it was initially filed in January of 2020. It was not beyond the scope of pleadings filed by defendants for the judge to declare Mr. Conley possessor of valid ownership interests in the property or the transfers to be valid; it is merely the opposite of the relief defendants' Brian Scott Trascher and 2322 West Expressway, LLC requested.

*Evidentiary Support for the Trial Court's Findings*

On appeal, the scope of review is a determination of whether or not the trial judge abused his discretion by granting the declaratory judgment. *Landry for Louisiana, Inc. v. Alexander*, 20-106, p. 6 (La. App. 5 Cir. 12/16/20), 309 So.3d 408, 413. When a proceeding on a declaratory judgment involves the determination of an issue of fact, the declaratory judgment can be rendered only after holding a trial on the merits where each party has an opportunity to present evidence in a form other than verified pleadings and affidavits. La. C.C.P. art. 1879; *Ehlenberger v. Guardian Med. Grp., LLC*, 19-446, p. 3 (La. App. 5 Cir. 5/29/20), 298 So.3d 375, 378. The factual findings of the trier of fact are reviewed under the manifest error standard of review and will not be overturned unless clearly wrong. *Landry for Louisiana, Inc.*, *supra*.

At the March 27, 2024 hearing, the parties jointly introduced numerous documents into evidence, including the agreements between Mr. Conley and Mr. Kinchen, acts of transfer, pictures of the property, the billboard servitude agreement, records of 2322 West Expressway, LLC from the Louisiana Secretary

25-CA-64                                    5

of State, mortgage documents from Gulf Coast Bank and Trust, and others. In addition to this documentary evidence, the trial court heard testimony from multiple witnesses, including Mr. Jason Hernandez, a title attorney, Mr. Trascher, Mr. Conley, and Mr. George Kinchen, the older brother of Terrance Kinchen.

Mr. Trascher testified that he advised Mr. Kinchen to set up the 2322 West Expressway, LLC and that Mr. Kinchen transferred 100% ownership of the LLC to him in January, 2014, in order to secure the bank loan on the property. Mr. Trascher testified that there was no written purchase agreement documenting the transfer of Mr. Kinchen's membership interest in the LLC, and also that he did not pay Mr. Kinchen anything for his membership interest.

On appeal, defendants argue that the trial court's finding that Mr. Trascher was not and has never been a member of 2322 West Expressway, LLC was manifestly erroneous because Mr. Hernandez, the attorney with Crescent Title who researched the ownership of the LLC on the Secretary of State website as part of the February 2014 mortgage agreement with Gulf Coast Bank and Trust, testified that he believed Mr. Trascher to be the sole member of the LLC based on Mr. Trascher's representations and the documents on file with the Secretary of State. Appellants' argument disregards entirely Mr. Trascher's own statements concerning the purported transfer and the documents jointly presented that list Mr. Kinchen as a sole member of the LLC.

When findings are based on the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact's findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. *Jurado v. Phillips*, 23-373, p. 3 (La. App. 5 Cir. 3/28/24), 384 So.3d 1155, 1158 (*citing Rosell v. ESCO*, 549 So.3d 840, 845 (La. 1989)). Where the factfinder's

determination is based on its decision to credit the testimony of one or two or more witnesses, that finding can virtually never be manifestly erroneous. *Id.*

In this case, the trial court clearly made a factual finding concerning the purported transfer of ownership interest in the LLC between Mr. Kinchen and Mr. Trascher based on the credibility of Mr. Trascher's testimony. Upon review of the evidence presented, we find no manifest error in the trial court's factual finding that there was no valid transfer of an ownership interest in 2322 West Expressway, LLC from Mr. Kinchen to Mr. Trascher.

Appellants remaining assignments of error concerning the validity of the agreements between Mr. Conley and Mr. Kinchen and the prescription of Mr. Conley's claims are all contingent upon a finding that Mr. Trascher is a valid member of 2322 West Expressway, LLC. Given our decision to uphold the trial court's finding that Mr. Trascher is not a member of the LLC, appellants' assignments of error are rendered moot. The judgment of the trial court is affirmed.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **SEPTEMBER 24, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 25-CA-64

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD L. FORET (DISTRICT JUDGE)
NEAL J. FAVRET (APPELLEE)          ROBERT J. ELLIS, JR. (APPELLANT)          SALVADOR I. BIVALACQUA
ROBERT L. MARRERO (APPELLEE)                                                  (APPELLANT)

**MAILED**
NO ATTORNEYS WERE MAILED